UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-52807 |
| | ) | |
| WENDY STEWART GRUGLE, | ) | CHAPTER 7 |
| | ) | |
| Debtor(s). | ) | JUDGE ALAN M. KOSCHIK |
| | ) | |
| | ) | **MOTION OF NATIONSTAR MORTGAGE LLC FOR RELIEF FROM STAY AND ABANDONMENT** |
| | ) | |
| | ) | PROPERTY ADDRESS: |
| | ) | ** 2225 Buchtel Boulevard 1107 |
| | ) | Denver, Colorada  80210 |

NATIONSTAR MORTGAGE LLC (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, 363, and other sections of Title 11 of the United States Code, under Federal Rules of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362 and for Abandonment of Property Under Bankruptcy Code § 554.

<u>MEMORANDUM IN SUPPORT</u>

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On May 16, 2005 the Debtor Wendy Stewart Grugle obtained a loan from **Lehman Brothers Bank, FSB, A Federal**

**Savings Bank** in the amount of $162,000.00. Such loan was evidenced by a promissory note dated May 16, 2005, (the "Note"), a copy of which is attached as Exhibit A.

3. To secure payment of the Note and performance of the other terms contained in it, the Debtor Wendy Stewart Grugle executed a Security Agreement in favor of Lehman Brothers Bank, FSB, A Federal Savings Bank dated May 16, 2005 (the "Security Agreement"). The Security Agreement granted a lien on the real property, **located at** 2225 Buchtel Boulevard 1107, Denver, Colorada 80210 owned by the Debtor Wendy Stewart Grugle (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

☒ attached as Exhibit B;

OR

☐ contained in the Note, attached as Exhibit A.

4. The lien created by the Security Agreement was duly perfected by (check all that apply):

☒ Filing of the Security Agreement in the office of the Denver County Recorder on May 27, 2005.

☐ Filing of the UCC-1 Financing Statement in the office of _____ on (DATE).

☐ Notation of the lien on the Certificate of Title.

☐ Other (state with particularity)_____.

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as

applicable, is attached as Exhibit B. Based on Debtor's Schedules, the lien is the 1st lien on the Collateral.

5. The entity in possession of the original Note as of the date of this motion is NATIONSTAR MORTGAGE LLC.

6. The entity servicing the loan is: N.A.

7. The Note was transferred, as evidenced by the following:

    a. If the Collateral is real estate:

        i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

        ☐ N/A.

        OR

        ☒ By endorsement on the Note, payable to Lehman Brothers Holdings Inc.

        OR

        ☐ By blank endorsement on the Note.

        OR

        ☐ By allonge attached on the Note, payable to _____.

        OR

        ☐ By blank allonge, attached to Note.

        OR

        ☐ The Note is not endorsed to the Movant, or is not endorsed in blank with an

allegation that the Movant is in possession of the original note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation) _____.

☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit _. Explain why it provides Movant the authority to endorse the Note:
_____
_____
_____.

ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, the Note was endorsed in blank by Lehman Brothers Holders Inc. **Further, the Note was transferred to Movant, who is now in possession of the original Note. Movant is entitled to enforce the Note pursuant to Ohio Revised Code Section § 1303.31 as either holder of the note or as a non-holder in possession of the note. At a minimum, Movant qualifies for the latter category and therefore may enforce the note.**

iii. A court has already determined that Movant has the ability to enforce the Note with a judgment dated _____ in the _____. A copy of the judgment is attached at Exhibit _.

iv. Other_____ [explain].

b. If the Collateral is not real estate (check one):

☐ N/A.

OR

☐ From the original lender to _____ by _____.

8. The Security Agreement was transferred as follows (check one):

☐ N/A.

OR

☒ From the original lender, mortgagee, or mortgagee's nominee on April 18, 2013 to Nationstar Mortgage LLC. The transfer is evidenced by the document(s) attached to this Motion as Exhibit C.

9. The value of the Collateral is $119,800.00. This valuation is based on Denver Auditor.

10. As of the date of this motion, there is currently due and owing on the Note the outstanding principal balance of $166,368.09, plus interest accruing thereon at the rate of 4.50% per annum [$20.51 per day] from April 1, 2015, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 **does not** include a credit for the sum held in a suspense account by the Movant. The amount of the credit is $91.17.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

- [ ] N/A.
- [x] The Denver County Treasurer, for real estate taxes, in an unknown amount.
- [ ] Co-Debtor _____
- [x] 2nd Mortgage in favor of Chase in the amount of $8,992.00.

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

- [ ] Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: _____
- [ ] Debtor has failed to keep the Collateral insured as required by the Security Agreement.
- [ ] Debtor has failed to keep current the real estate taxes owed on the Collateral.
- [x] Debtor has failed to make periodic payments to Movant for the months of May, 2015 through July, 2015, which unpaid payments are in the aggregate amount of $2,455.38 through July 15, 2015. The total provided in this paragraph cannot be relied upon as a reinstatement quotation.
- [x] Debtor has no equity in the Collateral, because the Collateral is valued at $119,800.00, and including the Movant's lien, there are liens in an aggregate amount of $177,953.03 on the Collateral.

☐ Other cause (set forth with specificity):_____.

16. Movant has completed the worksheet, attached as Exhibit D.

17. Movant is entitled to an order directing the trustee to abandon the Collateral under 11 U.S.C. §554(b) for these reasons (check all that apply):

☐ The Collateral is burdensome to the estate because _____.

☒ The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

WHEREFORE, Movant prays for an order from the Court:

(a) granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable nonbankruptcy law; AND

(b) AUTHORIZING AND DIRECTING THE CHAPTER 7 TRUSTEE TO ABANDON THE COLLATERAL UNDER BANKRUPTCY CODE § 554.

Respectfully submitted,

/s/ Edward A. Bailey
REIMER, ARNOVITZ, CHERNEK & JEFFREY CO., L.P.A.
Edward A. Bailey #0068073
Scott P. Ciupak #0076117
Cynthia A. Jeffrey #0062718
30455 Solon Road
Solon, Ohio 44139
Phone No. 440-600-5500
Fax No. 440-600-5521
ebailey@reimerlaw.com

CERTIFICATE OF SERVICE

I certify that on July 31, 2015, a true and correct copy of the Motion for Relief from Stay was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

1. Office of the U.S. Trustee at (Registered address)@usdoj.gov

2. Dynele Schinker-Kuharich on behalf of the Chapter 7 Trustee's office at dschinker-kuharich@ecf.epiqsystems.com

3. Dean D. Paolucci, Esq. on behalf of Wendy Stewart Grugle, Debtor, at dean@selectlegal.com

And by regular U.S. mail, postage prepaid, to:

4. Wendy Stewart Grugle, Debtor at 43 Church Street, Hudson, OH 44236

5. Chase at PO Box 15298, Wilmington, DE 19850

        /s/ Edward A. Bailey
        REIMER, ARNOVITZ, CHERNEK &
        JEFFREY CO., L.P.A.
        Edward A. Bailey #0068073
        Scott P. Ciupak #0076117
        Cynthia A. Jeffrey #0062718
        30455 Solon Road
        Solon, Ohio 44139
        Phone No. 440-600-5500
        Fax No. 440-600-5521
        ebailey@reimerlaw.com